UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OPAL JEAN LENNIX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1366** |
| **AMAZON.COM SERVICES LLC** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this denial-of-benefits case under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), is the opposed motion[1] of Defendant Amazon.com Services LLC to dismiss *pro se* Plaintiff Opal Jean Lennix's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Liberally construing Lennix's *pro se* complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the Court holds that Lennix fails to state any plausible tort claims against Amazon. Any tort claims against Amazon are barred by the exclusive-remedy provision of the Louisiana Workers Compensation Act ("LWCA"), outside the intentional-tort exception to that provision, and facially prescribed in any event. Lennix also fails to state any ERISA claims for denial of *long-term* disability benefits against Amazon because Amazon does not control administration of the relevant long-term disability benefit plan. But Amazon has not convinced the Court that it may properly dismiss Lennix's ERISA claims for denial of *short-term* disability benefits at this Rule 12(b)(6) stage based on the arguments Amazon has raised. Many of those arguments rely on evidence the

---

[1] ECF No. 11.

Court may not properly consider under Rule 12(b)(6) and on doctrines better suited for a motion for summary judgment. Accordingly, for these reasons and those that follow, Amazon's motion to dismiss is **GRANTED IN PART** as to any tort claims and any ERISA claims for denial of long-term disability benefits and **DENIED IN PART** as to any ERISA claims for denial of short-term disability benefits.

### I.  BACKGROUND

Liberally construed, *see Erickson*, 551 U.S. at 94, Lennix's *pro se* complaint[2] and the submissions[3] accompanying it suggest that Lennix intends to assert tort and ERISA denial-of-benefits claims against both her former employer, Amazon, and the administrator of Amazon's long-term disability benefit plan, The Hartford.

In mid-April 2021, Amazon hired Lennix to work as a "sortation associate" at an Amazon disbursement warehouse in Baton Rouge, Louisiana.[4] Lennix alleges that she suffered an on-the-job rotator-cuff injury just over a month later, on May 24, 2021,[5] which Lennix describes as the day she last performed "productive working activities with Amazon."[6] Documents accompanying Lennix's complaint suggest that Amazon subsequently fired Lennix, but Lennix does not clearly allege the timing or the circumstances surrounding her termination.[7]

---

[2] ECF No. 1.
[3] ECF No. 1-1 (104-page attachment to complaint); ECF No. 7 (letter to the Court).
[4] ECF No. 1 at 2; ECF No. 1-1 at 95.
[5] ECF No. 1 at 2; ECF No. 1-1 at 95.
[6] ECF No. 7 at 1.
[7] *See* ECF No. 1-1 at 75 (letter signed by Lennix referencing a "[d]etermination about being [t]erminated"); *id.* at 100 (appeal decision from The Hartford stating that Lennix's "last day of work was 05/27/2021"). Amazon says that it fired Lennix "on or about May 27, 2021 for job abandonment" because Lennix "neither returned to work nor notified her employer of [her] work injury." ECF No. 11-1 at 2. But Amazon cites no support in the record for the assertion, and Lennix's liberally construed complaint does not clearly allege the reasons for, or the precise date of, Lennix's termination.

After her on-the-job injury, on a date she does not specify, Lennix alleges that she "expressed" "concerns" to "Amazon Management/Leadership Personnel" about her alleged need to "seek[ ] medical attention" for "extreme body pains" and "concerns" stemming from "a massive illness within the warehouse from Covid-19."[8] Lennix alleges that she tested negative for Covid-19, but that she still experienced "[c]ontinuous pain" that made "[c]ontinuous medical treatment . . . necessary."[9]

Despite doctor appointments, physical-therapy treatments, and injections, Lennix alleges her "continuous" shoulder pain did not improve.[10] Documents attached to her complaint reflect that she was diagnosed with left-rotator-cuff tendinopathy and restricted from lifting, pushing, or pulling more than 10 pounds; from reaching overhead; and from "maintain[ing] a forceful hand grip for more than 3–4 hours."[11]

Citing those restrictions, Lennix sought an accommodation from Amazon in the form of "continuous leave" that (if granted) would have stretched from late May 2021 to late January 2022.[12] But Amazon denied leave, explaining that "[a]ll paths require lifting, pushing, or pulling of more than 10 lbs."; "[a]ll associates are also required to maintain a forceful grip or c-grip when handling a package"; and "[t]here are also no roles without overhead, shoulder reach, and/or below should[er] reach."[13]

In June 2021, according to Lennix, "[s]everal changes were made" to her "insurance benefits," including "additional coverage for Short Term and Long Term

---

[8] ECF No. 1 at 4.
[9] *Id.*
[10] ECF No. 1 at 4.
[11] ECF No. 1-1 at 57.
[12] *Id.*
[13] *Id.* at 37.

3

Disability Benefits."[14] Lennix alleges that, on an unspecified date, she "resubmit[ed]" an application "for double coverage of benefits," but an "Amazon Benefits Insurance provider" informed her by mail "that additional cover[age] wasn't necessary."[15]

In a November 2021 email to Amazon's accommodations team, Lennix wrote that "[s]hort [t]erm [b]enefits were never received are [sic] applied for doing [sic] my absence from Amazon."[16] Along similar lines, Lennix's liberally construed complaint alleges that Lennix's requests for workers' compensation benefits and for "light [d]uty" were "denied by Amazon Distribution Center Management."[17]

At some unspecified later point, Lennix sought long-term disability benefits from the administrator of Amazon's long-term disability benefit plan, The Hartford. But The Hartford denied Lennix's request for long-term disability benefits in December 2021, and Lennix appealed.[18] The Hartford upheld the denial on appeal, concluding Lennix did not have long-term disability coverage on the date of her disability.[19] In a letter to Lennix, The Hartford gave this reasoning for its decision:

> Although you may have understood that you would be eligible for [short-term disability] and [long-term disability] coverage at an earlier date, the information provided from your Employer confirms that your last day of work was 05/27/2021 and you did not have [long-term disability] coverage until 06/06/2021. Because you did not have [long-term disability] coverage on 05/27/2021 and have not returned to work as an Active Employee you are not eligible for benefits at this time and we must uphold our prior decision to deny [long-term disability] benefits at this time.[20]

---

[14] ECF No. 1 at 6.
[15] *Id.*
[16] ECF No. 1-1 at 47.
[17] ECF No. 1 at 5.
[18] ECF No. 1-1 at 98.
[19] *Id.* at 100.
[20] *Id.*

4

The Hartford's letter also notified Lennix that its "claim decision is now final as administrative remedies available under the Policy have been exhausted."[21]

This litigation followed. Proceeding *pro se*, Lennix sued Amazon and The Hartford in April 2023, submitting a letter complaint with 104 pages of attachments.[22] Lennix alleges that she has "not received any compensation which was applied for but denied due [to] untruthful information."[23] Lennix asks "the Court to review all forwarded documents on . . . behalf of [her] medical condition and to be in consideration about the amount of pain and suffering [she] [has] sustained without any [f]inancial support from the false delegation about receiving benefits. No benefits were received."[24] Although her filings are unclear on the point, the Court liberally construes her complaint and the accompanying submissions to attempt to plead tort and ERISA denial-of-benefits claims. Lennix seeks $5 million for "permanent damages to [her] [p]ersonal [l]ife," "[p]hysical [a]bilities," "[m]ental [h]ealth," "[m]obility [a]bilities," [e]motional [w]ell-being," and "[n]o [f]inancial [s]upport."[25]

Now, Amazon moves the Court under Rule 12(b)(6) to dismiss Lennix's complaint for failure to state a claim.[26] Lennix opposes.[27]

---

[21] *Id.*
[22] ECF No. 1 at 1.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] ECF No. 11.
[27] ECF No. 25; ECF No. 26; ECF No. 29.

## II. LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not satisfy Rule 8(a)(2)'s pleading standard fails to state a claim upon which relief can be granted. *See generally* FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

"The filings of a *pro se* litigant are to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citation and quotation omitted). But "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## III. ANALYSIS

Amazon moves the Court to dismiss Lennix's claims against it with prejudice under Rule 12(b)(6).[28] Amazon's argument proceeds in two parts: It first focuses on tort claims and then turns to ERISA claims. The Court does the same.

### A. Tort Claims

Amazon contends that Lennix fails to state any tort claims against it. If Lennix intends to plead plausible tort claims against Amazon, she fails to do so—for at least two independent reasons. First, any tort claims Lennix intends to assert against Amazon are barred by the exclusive-remedy provision of the LWCA, LA. STAT. ANN. § 23:1032, and do not come within the intentional-tort exception to LWCA exclusivity, LA. STAT. ANN. § 23:1032(B). Second, any tort claims against Amazon are facially prescribed, and Lennix's complaint raises no basis for tolling.

---

[28] ECF No. 11.

### 1. The Exclusive-Remedy Provision

Any tort claims against Amazon are barred by the LWCA's exclusive-remedy provision. Under that provision, receipt of LWCA benefits is ordinarily an employee's exclusive remedy against her employer for an on-the-job injury, and the employer is ordinarily immune from tort liability to the employee. *See Moreno v. Entergy Corp.*, 2012-97, p. 13 (La. 12/4/12); 105 So. 3d 40, 49. But the LWCA carves out an intentional-tort exception to that general rule of exclusivity. *See* LA. STAT. ANN. § 23:1032(B). Under the intentional-tort exception, an employee may recover against an employer in tort if the employee shows that "the employer (1) consciously desired the physical result of its act, whatever the likelihood of that result happening from its conduct, or (2) knew that the result is substantially certain to follow from its conduct, whatever its desire may be as to that result." *Danos v. Boh Bros. Const. Co.*, 2013-2605, p. 1 (La. 2/7/14); 132 So. 3d 958, 959 (per curiam) (citations omitted).

Lennix fails to plead facts sufficient to avoid the exclusive-remedy provision and to come within the intentional-tort exception. Any tort claims she intends to bring come within the LWCA—and are thus subject to the exclusive-remedy provision—because she alleges that Amazon was her employer and that her left-rotator-cuff injury was an "on the job injury."[29] *See Brightbill v. Circuit Grand Bayou, L.L.C.*, 21-578, p. 9 (La. App. 5 Cir. 5/11/22); 342 So. 3d 127, 135 (noting that an employer–employee relationship is a prerequisite to application of the LWCA). Any tort claims Lennix intends to bring are not saved by the intentional-tort exception because

---

[29] ECF No. 1 at 1.

Lennix does not allege that Amazon "consciously desired the physical result of" the injury-causing act or that her injury was "substantially certain to follow from [Amazon's] conduct[.]" *Danos*, 132 So. 3d at 959 (citations omitted). Lennix's liberally construed complaint lacks facts establishing that Amazon played any role in causing her alleged injury. Because Lennix alleges facts implicating the LWCA's exclusive-remedy provision, and because Lennix does not allege facts sufficient to invoke the intentional-tort exception, Lennix fails to state any tort claims against Amazon.

### 2. Prescription

Any tort claims against Amazon fail for the independent reason that they are facially prescribed. When the events described in the complaint occurred, the prescriptive period for torts was one year.[30] *See* LA. CIV. CODE ANN. art. 3492, *repealed by* TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). But Article 3492 was repealed and replaced by Article 3493.1 effective July 1, 2024. *See id*. Article 3493.1 extends the prescriptive period for delictual claims from one year to two. *See* LA. CIV. CODE ANN. art. 3493.1. Even so, Article 3493.1 has "prospective application only," and its two-year prescriptive period "shall apply to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Because the alleged facts underlying Lennix's claims occurred before July 1, 2024, the former Article 3492 and its one-year prescriptive period apply. *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134

---

[30] "In Louisiana, . . . tort claims are often called 'delictual' claims, and the limitations periods are often called 'prescriptions' or 'prescriptive periods.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 n.1 (5th Cir. 2020).

9

F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

Under the former Article 3492, the one-year prescriptive period "commences to run from the day injury or damage is sustained." LA. CIV. CODE ANN. art. 3492. "Damage is considered to have been sustained, within the meaning of [the former Article 3492], only when it has manifested itself with sufficient certainty to support accrual of a cause of action." *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993).

Lennix's liberally construed complaint indicates that she "sustained" the "injury or damage" that commenced the one-year prescriptive period when she suffered her left-rotator-cuff injury in May 2021.[31] LA. CIV. CODE ANN. art. 3492.

Accordingly, because Lennix's complaint indicates that Lennix first "sustained" the relevant "injury or damage" in May 2021, *id.*, the one-year prescriptive period began to run in May 2021. And because Lennix waited 23 months—until April 2023—to sue Amazon, any tort claims Lennix intends to assert are time barred unless her liberally construed complaint raises a basis for tolling.

Lennix's complaint does not raise a basis for tolling the prescriptive period on any tort claims she intends to assert. "Under Louisiana law, there is a firmly rooted equitable-tolling doctrine known as *contra non valentem agree non currit praescriptio*, which means '[n]o prescription runs against a person unable to bring an action.'" *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 995 F.3d 384, 390 (5th Cir. 2021) (quoting *R.J. Reynolds Tobacco Co. v. Hudson*, 314 F.2d 776, 786 (5th Cir. 1963)). "The

---
[31] ECF No. 1 at 2; ECF No. 1-1 at 95.

10

doctrine tolls prescription only in these four 'exceptional circumstances': (1) where there was some legal cause which prevented the courts or their officers from acting or taking cognizance of the plaintiff's action; (2) where there was some condition or matter coupled with the contract or connected with the proceedings which prevented the plaintiff from availing himself of his cause of action; (3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.'" *Id.* (quoting *Morgan v. Entergy New Orleans*, 2016-1250, p. 5 (La. App. 4th Cir. 12/6/17); 234 So. 3d 113, 116, 120). Lennix's complaint does not implicate any of those circumstances.

Accordingly, because any tort claims Lennix intends to assert against Amazon are prescribed on the face of Lennix's complaint, and because Lennix's complaint raises no basis for tolling, Lennix fails to state any tort claims against Amazon.

### B.   ERISA Denial-of-Benefit Claims

Amazon contends that Lennix fails to state ERISA denial-of-benefits claims against it. The source of those claims is 29 U.S.C. § 1132(a)(1)(B), known as ERISA § 502(a)(1)(B). *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726–27 (5th Cir. 2018). Under ERISA § 502(a)(1)(B), a "participant or beneficiary" may sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B). A "participant" is "any employee or former employee of an employer, or any member or

former member of an employee organization, who is or may become eligible to receive a benefit . . . from an employee benefit plan." 29 U.S.C. § 1002(7). The Fifth Circuit has cautioned against holding ERISA plaintiffs "to an excessively burdensome pleading standard." *Innova*, 892 F.3d at 728. But an ERISA plaintiff still must "plausibly allege that [the plaintiff] [is] a participant, beneficiary, or assignee entitled to assert a claim under [ERISA § 502(a)(1)(B)]." *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 742 (5th Cir. 2015) (per curiam).

Here, Amazon contends Lennix fails to state an ERISA § 502(a)(1)(B) claim against it for three reasons. First, Lennix does not allege that she exhausted available remedies under Amazon's short-term disability plan. Second, Lennix does not allege facts establishing that she meets the eligibility requirements for short-term disability benefits under Amazon's plan. Finally, Amazon is not a proper party to any claim for denial of long-term disability benefits. The Court takes each argument in turn.

        **1.**    **Exhaustion of Available Remedies**

Amazon first contends that Lennix fails to state any ERISA denial-of-benefits claims against it because Lennix fails to affirmatively allege that she exhausted available remedies under Amazon's short-term disability plan. The Court may not dismiss Lennix's denial-of-benefits claims on that basis in this Rule 12(b)(6) posture.

As a claimant seeking benefits under an ERISA plan, Lennix "must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000) (citation omitted). But ERISA exhaustion is an

12

affirmative defense—not a jurisdictional bar. *See Crowell v. Shell Oil Co.*, 541 F.3d 295, 308–09 (5th Cir. 2008). Because ERISA exhaustion is an affirmative defense, the Court may not dismiss Lennix's claims under Rule 12(b)(6) simply because she has not specifically and affirmatively alleged that she exhausted available remedies under Amazon's short-term disability benefit plan; to support Rule 12(b)(6) dismissal, Lennix's failure to exhaust must instead be "clear from the face of the complaint." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (per curiam). It is not. The complaint makes no mention of Lennix's pursuit of available remedies under Amazon's short-term disability benefits plan. So it is not "clear from the face of the complaint" that Lennix failed to exhaust available remedies under Amazon's short-term disability benefits plan. *Id.* The Court is thus constrained to deny Amazon's motion to dismiss Lennix's ERISA § 502(a)(1)(B) claim for denial of short-term disability benefits based on exhaustion. *Accord, e.g.*, *Wilson v. Kimberly–Clark Corp.*, 254 F. App'x 280, 286 (5th Cir. 2007) (per curiam) (reversing Rule 12(b)(6) dismissal on ERISA exhaustion grounds and explaining that "the [district] court's requirement that plaintiffs plead exhaustion of remedies under the plan was an improper ground for dismissal"); *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 969 (E.D. Tex. 2011) (denying motion to dismiss ERISA claims on exhaustion grounds because the plaintiff "did not have to plead exhaustion of administrative remedies").[32]

---

[32] Because it is not clear from the face of Lennix's complaint that Lennix failed to exhaust available remedies under Amazon's short-term disability benefits plan, "[t]he proper procedural vehicle for the assertion of the affirmative defense of lack of ERISA administrative exhaustion is by way of properly supported motion for summary judgment." *Ford v. Freemen*, 388 F. Supp. 3d 692, 708 (N.D. Tex. 2019) (quotation omitted). Amazon did not move the Court for summary judgment as an alternative to moving to dismiss. In an argument related to a footnote in its supplemental

13

## 2. Eligibility for Short-Term Disability Benefits

Amazon next contends that Lennix fails to state a claim for denial of short-term disability benefits because she fails to plead facts plausibly establishing that she is eligible for short-term disability benefits under Amazon's plan. In support, Amazon attaches four documents to its briefing: (1) the declaration[33] of Bethany Reyes, the "Director, Product Manager Technical-Employee Services" for Amazon; (2) Amazon's "Short Term Disability Summary Plan Description"[34] (the "Plan Description") governing Amazon's provision of short-term disability benefits; (3) an April 2021 letter[35] offering Lennix employment as a "Seasonal Sortation Associate"; and (4) a June 2021 letter[36] offering Lennix employment as "Sortation Associate." Before evaluating the merits of Amazon's eligibility argument, the Court must decide which of these documents (if any) the Court may consider in its Rule 12(b)(6) review.

The Court may not consider the contents of Reyes's declaration or the offer letters in its Rule 12(b)(6) review. "[A] Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). But that general rule is subject to two exceptions: The Court "may rely on evidence outside the complaint, without converting a Rule

---

memorandum, Amazon suggests that it "would be proper" to convert the motion to dismiss to a motion for summary judgment under Rule 12(d). ECF No. 16 at 7. The Court does not consider this Rule 12(d) conversion request because it is inadequately briefed and therefore forfeited. *See, e.g.*, *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023) ("Courts "have repeatedly cautioned that arguments appearing only in footnotes are insufficiently addressed in the body of the brief and thus forfeited." (quotation omitted)). Importantly, however, nothing in this order and reasons should be construed to limit Amazon's ability to seek summary judgment on ERISA exhaustion grounds.

[33] ECF No. 16-1.
[34] ECF No. 16-2.
[35] ECF No. 16-3.
[36] ECF No. 16-4.

14

12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)). "But going beyond the pleadings is otherwise error." *Id.* (citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). Neither of those two exceptions applies to the Reyes declaration or the two offer letters. No party asks the Court to take judicial notice of the contents of those documents. And none of those documents is "referred to" in the complaint.[37] *Id.* So the Court may not rely on the Reyes declaration or the Amazon offer letters to resolve the Rule 12(b)(6) motion.

But the Court may consider the Plan Description in its Rule 12(b)(6) analysis because Amazon's short-term disability benefits policies are "referred to" in Lennix's complaint and central to her ERISA § 502(a)(1)(B) denial-of-benefits claim against Amazon.[38] *See, e.g.*, *Wilson*, 254 F. App'x at 286 (concluding that a district court properly considered an ERISA plan in its Rule 12(b)(6) analysis).

Under the Plan Description, an Amazon employee is eligible for short-term disability benefits if they are "assigned to work a minimum of 30 hours per week" and

---

[37] Amazon asks the Court to consider the offer letters "[g]iven the allegations referring to [Lennix's] hire date." ECF No. 16 at 10 n.3. But the complaint's mere reference to Lennix's hire date is not a reference to the offer letters themselves. Because the offer letters are not referenced in the complaint, the Court does not consider them in its Rule 12(b)(6) analysis. *See, e.g.*, *W. Bankers Cap., Inc. v. Kirton McConkie, P.C.*, No. 23-CV-5124, 2025 WL 563449, at *4 (E.D. La. Feb. 20, 2025) (Long, J.) (declining to consider document not referenced in the complaint in Rule 12(b)(6) analysis).

[38] ECF No. 1 at 5–7.

"Active at Work on the date immediately preceding [their] date of Disability."[39] "Active at Work" is defined as "performing your regular occupation for Amazon on a full-time basis for the number of hours you are normally scheduled to work . . . at one of Amazon's usual places of business."[40] Seasonal and part-time Amazon employees are not eligible for short-term disability benefits under the Plan Description.[41]

With the benefit of liberal construction, *see Erickson*, 551 U.S. at 94, Lennix's *pro se* complaint includes enough facts to allow the Court to reasonably infer that Lennix was eligible for short-term disability benefits under the Plan Description. Lennix alleges that Amazon hired her "as a full time Amazon Warehouse Sorter" in April 2021,[42] and that she suffered an "on the [j]ob injury" while so employed.[43] Lennix specifically alleges that "[t]he classification status on which [she] was hired for was a[ ] full time employee."[44] Taken as true, and liberally construed, these allegations[45] allow a reasonable inference that Lennix was "Active at Work" "on the date immediately preceding" her alleged on-the-job injury and thus that Lennix was eligible for short-term disability benefits. Accordingly, viewing only the language of the Plan Description and the allegations of Lennix's liberally construed *pro se*

---

[39] ECF No. 16-2 at 4 (§2).
[40] *Id.* at 18 (§ 9).
[41] *Id.* at 4 (§ 2).
[42] ECF No. 1 at 6.
[43] *Id.* at 4.
[44] *Id.* at 6.
[45] The Court recognizes that some allegations material to Lennix's denial-of-benefits claim appear to conflict with evidence in Amazon's possession. For example, in the declaration and April 2021 offer letter the Court excluded from its Rule 12(b)(6) review, Lennix's employment is described as "[s]easonal." ECF No. 16-1 at ¶ 4; ECF No. 16-3 at 3. If Amazon in fact employed Lennix on a seasonal basis on the date immediately preceding her on-the-job injury, then Lennix would appear to be ineligible for short-term disability benefits, ECF No. 16-2 at 4 (§ 2), and her ERISA § 502(a)(1)(B) claim for short-term disability benefits would appear to fail as a matter of law.

16

complaint, the Court is not convinced that it may properly dismiss Lennix's ERISA § 502(a)(1)(B) claim for failure to plead that she was eligible for short-term benefits.

### 3. Improper Party and Long-Term Disability Benefits

Finally, Amazon contends the Court should dismiss any ERISA § 502(a)(1)(B) claims for denial of long-term disability benefits that Lennix asserts against it because it is not a proper party to those claims. The Court agrees. "[T]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan[.]" *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 845 (5th Cir. 2013) (quotation omitted). Documents attached to Lennix's complaint, and thus part of her pleadings for Rule 12(b)(6) purposes, confirm that The Hartford—not Amazon—"control[s] administration of" the long-term disability benefits plan.[46] *Id.* (quotation omitted). Accordingly, because Lennix does not plead facts establishing that Amazon "control[s] administration of" the long-term disability benefits plan, Lennix fails to state a claim against Amazon under ERISA § 502(a)(1)(B) claim for denial of long-term disability benefits.

---

[46] *See, e.g.*, ECF No. 1-1 at 98–101.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Amazon's motion[47] to dismiss is **GRANTED IN PART** and **DENIED IN PART** as outlined above. Any tort claims asserted against Amazon are dismissed with prejudice. Any ERISA § 502(a)(1)(B) claims for denial of long-term disability benefits asserted against Amazon are also dismissed with prejudice. The only claim remaining against Amazon is an ERISA § 502(a)(1)(B) claim for denial of short-term disability benefits. Nothing in this order and reasons should be construed to foreclose Amazon from moving for summary judgment on that remaining claim before any discovery has been exchanged. *See, e.g., Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022) ("Rule 56 does not require that any discovery take place before summary judgment can be granted" (quotation omitted)).

New Orleans, Louisiana, this 17th day of June, 2025.

                                            BRANDON S. LONG
                                            UNITED STATES DISTRICT JUDGE

---

[47] ECF No. 11.